# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KENDRICK V. WILLIAMS individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>vs.<br><br>WOOD GROUP<br><br>      Defendants. | DOCKET NO. 4:22-cv-01992<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Kendrick V. Williams brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Wood Group under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Wood Group employs workers like Williams to carry out their work.

3. Williams, and the other workers like him, regularly worked for Wood Group in excess of forty (40) hours each week.

4. But Wood Group does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Wood Group pays these workers a daily rate with no overtime compensation.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Wood Group conducts substantial business in this District and Division and is headquartered in this District and Division.

**PARTIES**

9. From approximately August 2018 until August 2021, Williams worked for Wood Group as an HSSE employee at various project locations. Throughout his employment with Wood Group, he was paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

10. Defendant Wood Group is a domestic for-profit corporation that maintains its headquarters in Houston, Texas. Wood Group is (or was) a subdivision of John Wood Group PLC, an international organization that operates around the world and in states across the country.

11. Williams brings this action on behalf of himself and other similarly situated workers who were paid by Wood Group's day-rate system.

12. Wood Group paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

13. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All workers employed by, or working on behalf of, Wood Group, outside of the state of Illinois, who were paid a day rate with no overtime at any time during the last 3 years** (Putative Class Members).

14. Williams seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

15. Defendant Wood Group may be served through its registered agent: United Agent Group Inc. at 5444 Westheimer #1000, Houston, TX 77056 USA.

**COVERAGE UNDER THE FLSA**

16. At all times hereinafter mentioned, Wood Group has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Wood Group has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Wood Group has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

19. Williams and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

20. As will be shown through this litigation, Wood Group treated Williams and the Putative Class Members as employees and uniformly dictated the pay practices Williams and its other employees were subjected to.

**FACTS**

21. From approximately August 2018 until August 2021, Williams worked for Wood Group.

22. Williams was an employee of Wood Group from approximately August 2018 until August 2021.

23. Williams worked for Wood Group in Texas and Virginia.

24. Wood Group is a for-profit company that delivers project management, construction management, engineering and procurement services to the offshore, onshore, oil sands, pipeline, refining, chemicals, industrial and automation sectors, operating in countries throughout Africa, Asia, Europe, the Middle East, Latin America and North America.

25. Upon information and belief, Wood Group's annual gross revenues are in the millions.

26. Wood Group employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones that have moved in, or were produced for, interstate commerce.

27. Once Wood Group learns the type of workers its clients need, Wood Group locates the workers requested and assigns them to a jobsite.

28. These workers carry out the hands-on, day-to-day production work of Wood Group.

29. Workers like Williams are an integral part of the services Wood Group provides to its clients.

30. No advanced degree is required to become a Wood Group employee. In fact, Wood Group regularly hires employees who only have a high-school diploma (or less).

31. For example, Williams did not have any advanced degree.

32. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

33. Instead, Wood Group employees apply well-established techniques and procedures.

34. Employees are not permitted to deviate from established quality standards.

35. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

36. With these job duties, these employees are clearly **non-exempt** under the FLSA.

37. Wood Group paid Williams a flat rate for each day worked.

38. If Williams worked fewer than 40 hours in a week, Wood Group only paid him his flat rate for the number of days he worked.

39. However, Williams regularly worked more than 40 hours in a week.

40. Williams normally worked more than 10+ hours a day, 6 days a week.

41. As a result, Williams often worked more than 60 hours in a workweek.

42. Wood Group paid Williams and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

43. Williams was paid on a day-rate basis throughout his employment with Wood Group.

44. Williams and the Putative Class Members were not paid a salary.

45. Wood Group typically scheduled Williams to work 12 hour shifts, for as many as 7 days a week.

46. During each year of his employment, Williams regularly worked well in excess of 40 hours in a workweek.

47. But Wood Group did not pay Williams overtime.

48. Williams and the Class Members worked for Wood Group as employees over the past three years across the United States.

49. As a result of Wood Group's pay policies, Williams and the Class Members were denied the overtime pay required by federal law.

50. Wood Group keeps accurate records of the hours, or at least days, its employees work.

51. It also keeps accurate records of the amount of pay employees receive.

52. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Wood Group does not pay them overtime.

53. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

54. The Putative Class Members regularly worked in excess of 40 hours each week.

55. Like Williams, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

56. Wood Group did not pay Williams on a salary basis.

57. Wood Group did not pay the Putative Class Members on a salary basis.

58. Wood Group paid Williams on a day-rate basis.

59. Wood Group paid the Putative Class Members on a day-rate basis.

60. Wood Group failed to pay Williams overtime for hours worked in excess of 40 hours in a single workweek.

61. Wood Group failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

62. Under its "day rate" payment scheme, Wood Group paid Williams and the Putative Class Members a flat sum for each day worked, regardless of the number of hours they worked in that workweek.

63. Wood Group has known about the FLSA's overtime requirement since at least 2012.

64. In 2012, the Department of Labor found the Wood Group was violating the FLSA.

65. Wood Group nonetheless failed to pay day rate employees, such as Williams, overtime.

66. Williams and the other workers like him were never paid on a salary basis. They never received any guaranteed weekly compensation from Wood Group irrespective of days worked.

67. Wood Group's failure to pay overtime to Williams, and the other workers like him, was, and is, a willful violation of the FLSA.

## FLSA Violations

68. Williams incorporates the preceding paragraphs by reference.

69. As set forth herein, Wood Group violated the FLSA by failing to pay Williams and the Class Members overtime at 1 and ½ times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

70. At all relevant times, Wood Group has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

71. Wood Group employed Williams and each member of the Class.

72. Wood Group's pay policy denied Williams and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

73. Wood Group owes Williams and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

74. Wood Group knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Williams and the Class is willful.

75. Due to Wood Group's FLSA violations, Williams and the Class Members are entitled to recover from Wood Group for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

76. The improper pay practices at issue were part of a continuing course of conduct, entitling Williams and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

77. Williams demands a trial by jury.

## RELIEF SOUGHT

78. WHEREFORE, Williams prays for judgment against Wood Group as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Williams and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding Defendant liable to Williams and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor Montgomery**
Texas Bar No. 24106326
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**