UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENDRICK V. WILLIAMS,** | § | CASE NO. 4:22-cv-01992 |
| **Individually and on behalf of others** | § | |
| **similarly situated,** | § | FLSA COLLECTIVE ACTION |
| | § | |
| **v.** | § | |
| | § | |
| **WOOD GROUP** | § | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Kendrick Williams ("Plaintiff" or "Williams") and Defendant Wood Group ("Defendant" or "Wood Group") (collectively, the "Parties") file this Joint Motion for Approval of Settlement and Dismissal with Prejudice. In support of their Motion, the Parties state as follows:

**I.   SUMMARY**

The Parties have reached a settlement of Plaintiff's pending unpaid wage and overtime claims under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA").

The FLSA settlement was the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after engaging in formal written discovery. The terms of the settlement are reasonable and appropriate and fair to all Parties involved. Accordingly, the Parties ask the Court to approve the settlement and enter an order dismissing this lawsuit.

**II.   BACKGROUND**

This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for alleged unpaid overtime. Williams initially filed this case in June of 2022 and Williams is pursuing his FLSA claim as a collective action under 29 U.S.C. § 216(b). On June 17, 2022, opt-in Plaintiffs James Matsko and Sedrick Hanks filed Notices of Consent to opt in to this action. Thereafter, Williams amended his Complaint on April 14, 2023. *See* Doc. 33. Pursuant to

Joint Statements (Docs. 35, 37) from the Parties, the Court entered a Scheduling Order on September 18, 2023, and on November 31, 2023, entered an order extending the discovery period and motion cut-off. Doc. 38. On December 15, 2023, Plaintiff Williams filed a Notice of Consent from opt-in plaintiff W.L. Jaggars. Doc. 39. Collectively, Hanks, Matsko, and Jaggard are the "Opt-In Plaintiffs", and together with Williams, the "Plaintiffs." Plaintiffs in this action sought unpaid back wages for overtime hours allegedly worked, liquidated damages, attorney's fees, expenses, and costs.

Defendant has at all times denied any liability or wrongdoing and disputes Plaintiffs' claims. Defendant, without admitting or conceding any liability, has agreed to settle this lawsuit in order to avoid the expense and risks associated with continued litigation.

### III. SETTLEMENT

The Parties now seek Court approval of their agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the compensation practices at issue and the hours worked by Plaintiffs. The settlement does not include or otherwise impact the potential FLSA claims of any other employees of Defendant not subject to this suit. This settlement is not a mere compromise of guaranteed substantive rights under the FLSA.

1. **HOW THE SETTLEMENT WAS REACHED**

Prior to engaging in settlement discussions, the Parties independently and thoroughly investigated the claims and defenses at issue. Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business and payroll records and conducting witness interviews. These efforts provided all parties involved with great insight as to potential liability and the range of recovery at issue. Further, these efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding the alleged failure

to pay overtime compensation, allowed the Parties to intelligently and in good faith weigh both the risks and benefits of costly and time-consuming continued litigation.

The settlement was negotiated by attorneys who have experience prosecuting and/or defending this and similar claims. Both sides have had considerable experience in prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the Plaintiff").

2. **SUBMITTING THE SETTLEMENT AGREEMENT UNDER SEAL**

The terms of the settlement have been memorialized in a comprehensive settlement agreement. The Parties requested that the Settlement Agreement and exhibits thereto be filed under seal for the Court's review. Defendant believes that the publication of the Settlement Agreement and attachments thereto is not in the best interest of their continuing business operations, and Plaintiff is not opposed to the submission of these documents under seal and believes that Defendant have articulated good cause for submitting the documents under seal.

3. **TERMS OF THE SETTLEMENT AGREEMENT**

The key details of the proposed settlement have been set forth in the Settlement Agreement which has been filed under seal with the Court.

## IV.   THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT

1. **APPROVAL OF FLSA SETTLEMENTS**

The Parties are now seeking Court approval of the settlement under the FLSA. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval

for FLSA settlements and explaining the low standard for judicial review when the parties are represented by counsel). Many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of an FLSA claim is prohibited. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). However, there is an exception to the general rule: parties are free to resolve disputed FLSA claims by private agreement and without Court approval, provided such unsupervised settlement is reached due to a bona fide FLSA dispute over hours worked or compensation owed. *Id.* at 165 (citing *Martin v. Spring Break '83 Productions,* 688 F.3d 247, 255 (5th Cir. 2012)). Parties to FLSA litigation may, however, seek Court review and approval of FLSA collective actions under 29 U.S.C. §216, and here, the Parties are seeking such approval of the instant settlement. See *Collins,* 568 F.Supp.2d at 720; *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

To approve an FLSA settlement, a Court must first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Lynn's Food*, 679 F.2d at 1352-55 (11th Cir. 1982); *Collins*, 568 F.Supp.2d at 719; *see also Menard v. Rayne Guest Home Inc.*, No. 6:20-CV-00078, 2021 WL 4452237, at *1 (W.D. La. Sept. 10, 2021), *report and recommendation adopted,* No. 6:20-CV-00078, 2021 WL 4452054 (W.D. La. Sept. 28, 2021); *Camp v. The Progressive Corp., et al*, No. Civ. 01-2680, 2004 WL 2149079 (E.D. La. 2004).

Here, the proposed Settlement Agreement meets the standard for approval under the FLSA.

2. **THE SETTLEMENT RESOLVES A BONA FIDE DISPUTE.**

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information and data. In total, the parties

exchanged approximately 1,000 pages of documents consisting of pay records, time records, and documents related to Plaintiff's job duties. The Parties also engaged in a significant volume of other written discovery. Utilizing the extensive discovery exchanged between the Parties, they have fully analyzed the pertinent factual and legal issues in this case as well as having assessed the strengths and weaknesses of the claims and defenses at issue. Further, and as mentioned above, the settlement is the result of extensive arm's-length negotiations between counsel with extensive experience with wage and hour litigation.

This settlement also presents several questions of law and fact that support the fairness and reasonableness of the settlement. Defendant asserted several affirmative defenses that, if Defendant prevailed, would successfully defeat or limit some or all of Plaintiff's claims. For example, Defendant asserted as affirmative defenses that Plaintiff was exempt from overtime. These defenses raised questions of law and fact regarding whether Plaintiff was paid on a "salary basis" and whether his job duties satisfied the requirements of the FLSA's exemptions.

Further, the Parties disagreed on whether Plaintiff would be able to establish that Defendant acted willfully in order to extend the FLSA's statute of limitations from two years to three years. *See* 29 U.S.C. § 255. The Parties also disagreed whether Defendant would be able to establish that it acted in "good faith" in classifying Plaintiff as exempt from overtime and compensating Plaintiff. If Defendant prevailed on its good faith affirmative defense, this would potentially impact (and possibly eliminate) Plaintiff's recovery of liquidated damages. *See* 29 U.S.C. § 260.

Considering the uncertainties presented by the legal and factual issues involved with continued litigation, the Parties agreed that "the value of immediate recovery" and the risks associated with the legal and factual issues outweigh continued litigation. Moreover, given the financial uncertainty associated with continued litigation and the strong likelihood that absent a

settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with a trial and appeal.

As such, the current Settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to engage in settlement discussions, this case would not have been resolved.

### 3. THE TERMS OF THE SETTLEMENT ARE FAIR AND REASONABLE

"The court may presume that a proposed settlement is fair and reasonable when it is the result of arm's length negotiation." *Camp,* 2004 WL 2149079 at *7 (citing 4 *Newberg on Class Actions* § 11.41 (4th ed.)); *see also Collins,* 568 F.Supp.2d at 720 (explaining that in evaluating the Parties' FLSA settlement, the Court must keep in mind the strong presumption of finding a settlement fair).

Here, the Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Counsel for all Parties have considerable experience in prosecuting, defending, and settling federal and state wage-and-hour claims, and in this case were particularly well informed as to the facts and circumstances of the Lawsuit after extensive formal and informal discovery on all issues over the life of this litigation.

The Parties and their respective counsel agree that the Agreement is a fair and reasonable compromise of a bona fide dispute regarding the claims alleged by Plaintiffs in light of the procedural posture of this case, the standards and procedural issues related to certification, the substantive legal issues at issue, the litigation risks and the litigation costs to all Parties. In assessing the fairness and reasonableness of settlement, deference to experienced counsel who have negotiated and recommended settlement should be afforded. *See Cotton v. Hinton*, 559 F.2d

1326 (5th Cir. 1977); *Collins v. Sanderson Farms*, 568 F.Supp.2d 714 (E.D. La. 2008); *Austin v. Pennsylvania Dept. of Corrections*, 876 F. Supp. 1437 (E.D. Pa. 1995); *In re: Coordinated Pretrial Proceedings; Fisher Brothers v. Phelps Dodge Industries*, 604 F. Supp. 446 (E.D. Pa. 1985).

The Parties have been litigating this case for nearly two years. The Parties conducted discovery, disputed damages, and liability which informed the Parties' respective positions on all issues in this case. Settlement was reached through a very spirited but professional negotiation process and is not a product of fraud or collusion; moreover, settlement and compromise is advisable in light of the complexity, expense and likely duration of the litigation absent a resolution between the Parties. See *Parker v. Anderson*, 667 F.2d 1204 (5th Cir. 1982).

After the Parties reached an agreement in principle, the Parties engaged in further negotiations concerning the specific terms of the settlement and the scope of the Agreement. The settlement documents for which the Parties seek approval and have been executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

The Parties are therefore requesting that the Court:

(a) Approve this settlement, including all of the terms set forth in the Settlement Agreement;

(b) Dismiss this action with prejudice.

Dated: April 26, 2024                             Respectfully submitted,

By: */s/ Alyssa J. White*
**Michael A. Josephson**
State Bar No. 24014780
Fed. Id. 27157
**Andrew W. Dunlap**
State Bar No. 24078444
Federal ID No. 1093163

4890-6271-1737, v. 1

        **Alyssa J. White**
State Bar No. 24073014
Fed. Id. 1503719
**J**OSEPHSON **D**UNLAP **LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

        **AND**

        **Richard J. (Rex) Burch**
Texas Bar No. 24001807
**B**RUCKNER **B**URCH**, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

        **A**TTORNEYS IN **C**HARGE FOR **P**LAINTIFF

        AND

        */s/Bryan Edward Bowdler*
Samuel Zurik, III (Texas Bar 24044397)
Bryan Edward Bowdler (*Pro Hac Vice*)
Mina R. Ghantous (*Pro Hac Vice*)
THE KULLMAN FIRM, PLC
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-mail:    sz@kullmanlaw.com
            beb@kullmanlaw.com
            mrg@kullmanlaw.com

        **COUNSEL FOR DEFENDANT WOOD GROUP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this, the 26th day of April 2024, a true and correct copy of the foregoing **JOINT MOTION** has been filed and served upon all parties of record via the Court's CM/ECF System.

*/s/ Bryan Edward Bowdler*
Bryan Edward Bowdler